[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This is an appeal by defendant-appellant, Marie Summerall, from the granting of summary judgment by the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Fairbanks Capital Corporation.
 {¶ 2} This case involves an action on a promissory note executed by defendant to New Century Mortgage Corporation ("New Century Mortgage"), and later assigned to plaintiff. On August 6, 2001, plaintiff filed a complaint against defendant, in which it was alleged that plaintiff was the holder of a promissory note payable by defendant (although "a thorough review of the [plaintiff's] file reveals that the Note has been lost)." Plaintiff alleged that the note, secured by a mortgage, was in default, and that the sum of $49,660.86 plus interest was due and unpaid. On September 4, 2001, defendant filed an answer, raising various affirmative defenses and a counterclaim.
 {¶ 3} Defendant also filed a motion to stay the case, asserting that plaintiff would have a full and fair opportunity to litigate its claims in a removed action currently pending in federal court. Plaintiff opposed the motion, and by decision filed October 4, 2001, the trial court denied defendant's motion to stay proceedings.
 {¶ 4} On June 17, 2002, plaintiff filed a motion for summary judgment. Defendant subsequently filed a memorandum contra plaintiff's motion for summary judgment. By judgment entry filed on July 10, 2002, the trial court granted plaintiff's motion for summary judgment.
 {¶ 5} On appeal, defendant sets forth the following single assignment of error for review:
 {¶ 6} "The trial court committed reversible error in holding:
 {¶ 7} "The Court finds that there are no genuine issues of material fact, that reasonable minds can come to but one conclusion, and that the Plaintiff is entitled to judgment herein as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment is hereby granted."
 {¶ 8} Under her single assignment of error, defendant argues that the trial court erred in granting plaintiff's motion for summary judgment because there exist genuine issues of material fact, including questions as to plaintiff's status as a holder in due course.
 {¶ 9} In Bailey v. Ohio Dept. of Motor Vehicles, Franklin App. No. 02AP-378, 2002-Ohio-7361, this court discussed the standard of review on summary judgment as follows:
 {¶ 10} "* * * Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 {¶ 11} "`* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *'
 {¶ 12} "Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. * * * '[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' * * * Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. * * * Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. * * *
 {¶ 13} "Appellate review of summary judgment is de novo. * * * We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. * * *" (Citations omitted.)
 {¶ 14} As noted, defendant contends that genuine issues of material fact exist as to whether plaintiff has established that it is a holder in due course. A holder in due course is defined under R.C. 1303.32
as follows:
 {¶ 15} "(A) * * * '[H]older in due course' means the holder of an instrument if both of the following apply:
 {¶ 16} "(1) The instrument when issued or negotiated to the holder does not bear evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity;
 {¶ 17} "(2) The holder took the instrument under all of the following circumstances:
 {¶ 18} "(a) For value;
 {¶ 19} "(b) In good faith;
 {¶ 20} "(c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;
 {¶ 21} "(d) Without notice that the instrument contains an unauthorized signature or has been altered;
 {¶ 22} "(e) Without notice of any claim to the instrument as described in section 1303.36 of the Revised Code;
 {¶ 23} "(f) Without notice that any party has a defense or claim in recoupment described in division (A) of section 1303.35 of the Revised Code."
 {¶ 24} In Arcanum Nat'l Bank v. Hessler (1982), 69 Ohio St.2d 549,552, the Ohio Supreme Court held:
 {¶ 25} "There are five requirements which, under R.C. 1303.31 (UCC 3-302), one must meet in order to establish holder in due course status: viz., (1) one must be a `holder' as defined in R.C. 1301.01(T) (UCC 1-201); (2) one must be in possession of an `instrument,' as explained in R.C. 1303.01(A)(5) (UCC 3-102(A)(5); (3) `value,' as set forth in R.C.1303.32 (UCC 3-303), must have been given for the instrument; (4) the instrument must have been taken in `good faith,' as defined at R.C.1301.01(S) (UCC 1-201); and (5) the purchaser must take the instrument without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person, as detailed at R.C. 1303.33 (UCC 3-304). All five of these requirements must be met to qualify as a holder in due course. A transferee who otherwise qualifies as a holder in due course, but who takes an instrument with notice of a defense to it on the part of any person is therefore not a holder in due course. Likewise, one who does not take an instrument in good faith is not a holder in due course."
 {¶ 26} In support of its motion for summary judgment, plaintiff submitted an affidavit purported to be that of one of its officers. However, as noted by defendant, the signature on the affidavit is illegible and the affiant's name is unknown. The affiant made the following averments: plaintiff was the holder of a promissory note and mortgage executed by defendant to New Century Mortgage; as a result of non-payment, and pursuant to the terms of the note and mortgage, plaintiff exercised the option contained in the note and mortgage and accelerated and called due the entire principal balance due; plaintiff, as nominee for Credit Suisse First Boston, purchased the note and mortgage from Firstar Bank Milwaukee, N.A., as trustee for value on March 8, 2001, "in good faith and without notice that the promissory note was overdue or had been dishonored."
 {¶ 27} In defendant's memorandum in response to plaintiff's motion for summary judgment, defendant acknowledged that, on October 23, 1998, she gave New Century Mortgage a $50,250 mortgage on her home, and shortly thereafter experienced trouble making her monthly mortgage payment. New Century Mortgage subsequently sent defendant a notice of intent to foreclose. (Defendant's Exhibit B.) Defendant submitted a copy of an amended complaint filed in the Franklin County Court of Common Pleas, indicating that defendant and others had brought a class action against New Century Mortgage in which it was alleged that the lender had targeted low income, elderly female homeowners for unfair loan practices, and that the lender knew the borrowers would be unable to repay, leaving their homes vulnerable to foreclosure. (Defendant's Exhibit C.) According to defendant, the case was transferred to federal court, and remains pending.
 {¶ 28} Defendant attached to her memorandum a copy of a letter her counsel sent to New Century Mortgage, dated January 25, 2001. (Defendant's Exhibit E.) In the letter, counsel for defendant alleged that the refinancing transaction defendant entered into with New Century Mortgage contained several violations of the Federal Truth-In-Lending Act. Counsel further stated: "I have been authorized by my client to rescind this transaction and have exercised that right pursuant to15 U.S.C. § 1635, Regulation Z § 226.23. You have previously been informed of Ms. Summerall's request for recission [sic] via the complaint now pending in the United States District Court for the Southern District of Ohio, Matthews et al. v. New Century Mortgage Corp., et al., C2-00-1332, originally filed October 18, 2000." Defendant also submitted a copy of a mortgage statement, dated February 26, 2001, indicating that she was not current on her loan just prior to the time plaintiff took the assignment of her loan from New Century Mortgage in March 2001. (Defendant's Exhibit F.)
 {¶ 29} Defendant contends that plaintiff knew or should have known that she was not current on her loan at the time of the assignment of the loan. Defendant maintains that the letter sent by her counsel to New Century Mortgage, two months prior to the assignment of the loan, would have been contained in the loan file assigned to plaintiff; further, plaintiff should have been aware of the lawsuit filed six months prior to the assignment of the loan, in which defendant and others sued plaintiff's predecessor in interest for violations of consumer protection laws and the Federal Fair Housing Act.
 {¶ 30} The issue as to "[w]hether a transferee has taken an instrument with notice of a defense depends upon all the facts and circumstances of a particular situation and is generally a question of fact to be determined by the trier of fact." Arcanum Nat'l Bank, supra, at 553. In reviewing the record and evidence presented on summary judgment, we find that a genuine issue of material fact exists as to whether plaintiff took the note without notice that it was overdue. Defendant presented evidence indicating that she was not current on her payments at the time plaintiff purchased the note, and the record contains other evidence raising questions as to whether plaintiff was on notice of such fact. Accordingly, summary judgment was not proper since material issues of fact remain in dispute as to plaintiff's holder in due course status.[1]
 {¶ 31} Based upon the foregoing, defendant's single assignment of error is sustained to the extent provided above, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed, and cause remanded.
McCORMAC, J., and PETREE, P.J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although not set forth as a separate assignment of error, defendant also contends the trial court erred in denying her motion to stay the proceeding pending the outcome of the federal class action suit against New Century Mortgage. The trial court, noting that plaintiff was not a party to the federal action, denied the motion, and upon review we decline to find that the court abused its discretion.